**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| HARDIK RANA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Case No. CIV-26-937-R |
| | ) |
| CHRIS GANTT,[1] et al., | ) |
| | ) |
| Respondents. | ) |

## <u>REPORT AND RECOMMENDATION</u>

Petitioner Hardik Rana, a noncitizen[2] and Indian national proceeding with counsel, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge David L. Russell referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 3. The undersigned set an expedited briefing schedule, Doc. 6, and the Petition is at issue. For the reasons set forth below, the undersigned recommends that the Court grant the Petition, Doc. 1, in part and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within five business days or otherwise to release him if there is no hearing within that time.

---

[1] Chris Gantt was announced as Warden of Cimarron Correctional Facility in May 2026. He replaces Scarlet Grant and is substituted as the proper respondent pursuant to Federal Rule of Civil Procedure 25(d).

[2] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I.     <u>Background</u>

Petitioner, a citizen of India, entered the United States on January 27, 2023, without admission or inspection near San Ysidro, California, and was arrested on the same day. Pet. at 17; Doc. 1-2 at 1 (Notice to Appear).  On January 28, 2023, he was released from ICE custody pursuant to a conditional parole under 8 U.S.C. § 1226(a)(2)(B).  Pet. at 17; Doc. 1-1 at 1 (Order of Release on Recognizance).  Also on January 28, 2023, ICE placed Petitioner into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear ("NTA"), and charged him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection.  Pet. at 18; Doc. 1-2 at 1.  At some point after Petitioner was arrested, he filed an Application for Asylum and for Withholding of Removal.  Pet. at 18; Doc. 1-3 at 1 (confirming Petitioner's application for asylum).  Petitioner alleges he has not violated any conditions of his conditional parole and no material circumstances have changed since his release.  Pet. at 18-19.

On March 25, 2026, Petitioner was re-detained while driving through Stratford, Texas.  *Id*. at 3.  Respondents contend Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A).  Resp. at 1.  Petitioner did not allege he requested a bond hearing.  Such a request, though, would likely be futile because all IJs are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), which holds those noncitizens who entered the country without admission or parole are ineligible for a bond hearing.

When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma.  Pet. at 3.  He remains detained there.  *See* ICE Online Detainee

Locator System, *at* https://locator.ice.gov/odls/#/results (last visited July 6, 2026).

## II.    Petitioner's Claims

Petitioner asserts three counts in his Petition.

- **Count I: Violation of Substantive Due Process**. Petitioner alleges his continued detention bears no reasonable relation to any legitimate government purpose where Respondents already determined he was not a flight risk or danger to community and nothing has changed since that determination. Pet. at 22-23.

- **Count II: Violation of Procedural Due Process**. Petitioner alleges his re-detention without notice of reasons or a pre-detention hearing violated due process. *Id*. at 23-25.

- **Count III: Violation of the Immigration and Nationality Act ("INA").** Petitioner alleges his continued detention under 8 U.S.C. § 1225(b)(2) is unlawful and violates the INA because he previously was conditionally paroled under § 1226(a) and that conditional parole was never terminated or revoked. Pet. at 25.

He asks the Court to "issue a Writ of Habeas Corpus ordering Respondents to immediately release Petitioner from custody under no more restrictive conditions than existed at the time immediately before his unlawful arrest." *Id.* at 26. Petitioner also requests an award of attorney fees and costs under the Equal Access to Justice Act ("EAJA").[3] *Id*.

## III.    Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through

---

[3] To the extent Petitioner may be entitled to EAJA fees and costs as a prevailing party, he must seek those separately after a final judgment. 28 U.S.C. § 2412(d)(1)(B). Thus, the Court need not address this request at this juncture.

habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

IV.    **Analysis**[4]

    A.    **Section 1226(a) applies to Petitioner's detention.**

The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Under § 1225(b)(2)(A), "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted," applicants for admission "shall be detained." If Petitioner is detained under § 1225(b)(2)(A), he is not entitled to a bond hearing. On the other hand, Section 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

Petitioner alleges his continued detention under § 1225(b)(2) is unlawful and violates the INA because he was previously conditionally paroled under § 1226(a). Pet. at

---

[4] Petitioner claims he was not required to exhaust administrative remedies before filing the Petition. Pet. at 7. Respondents do not dispute Petitioner's assertion. The undersigned agrees that Petitioner was not required to exhaust before filing the Petition. *See Soberanes*, 388 F.3d at 1310 (holding exhaustion requirements do not apply to challenges to immigration detention brought in habeas proceedings).

4

25. Respondents maintain Petitioner is properly detained under § 1225(b)(2)(A).  Resp. at 1-2.

The Tenth Circuit recently rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents and applied § 1226(a) to govern detention of noncitizens like Petitioner.  *Santillan Quiroz v. Mullin*, --- F.4th ---, No. 26-6019, 2026 WL 1876709, at *4-17 (10th Cir. June 30, 2026).  In *Santillan Quiroz*, the Tenth Circuit concluded "those who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country." *Id.* at *7 (citation modified).  Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at *5.  Therefore, based on Tenth Circuit precedent and this Court's prior reasoning in *Valdez v. Holt*, No. CIV-25-1250-R, 2025 WL 3709021, at *3 (W.D. Okla. Dec. 22, 2025), the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention.  *See Bohorquez Bravo v. Lyons*, No. CIV-26-912-R, 2026 WL 1896141, at *1 (W.D. Okla. July 1, 2026) (holding in accordance with *Santillan Quiroz* that a similarly situated petitioner is entitled to a bond hearing under § 1226(a)).[5]

---

[5] This conclusion is also in accord with persuasive authority in the Second, Sixth, and Eleventh Circuits, which rejected Respondents' statutory interpretation of § 1225(b)(2). *See Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026).  In contrast, the Fifth and Eighth Circuits recently applied § 1225 to similar habeas challenges, agreeing with Respondents' position. *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026).  Respondents have filed a cert petition to the Supreme Court. *See* Cert. Pet., *Raycraft v. Lopez-Campos*, No. 25-1415 (filed June 22, 2026).

Further, Petitioner's application for asylum does not change the analysis or render him "seeking admission" and thereby subject to § 1225(b)(2)(A). *Santillan Quiroz*, 2026 WL 1876709, at *6 (holding a noncitizen "cannot make a present request for permission to enter the United States, lawfully or otherwise, once he or she has already entered" and "the only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border" (citation modified)).

Accordingly, the Court should apply § 1226(a) to govern Petitioner's detention.

**B.    The proper remedy is a bond hearing.**

Petitioner requests "this Court order his immediate release from custody" and alleges a bond hearing "is an inappropriate and inadequate remedy." Pet. at 1-2; *see also id.* at 19-21 (alleging a bond hearing is an inadequate remedy). However, a bond hearing is the proper remedy for a noncitizen detained under § 1226(a). *See Santillan Quiroz,* 2026 WL 1876709 at *17 n.13; *see also Bohorquez Bravo*, 2026 WL 1896141, at *1 (citing *Santillan Quiroz* and concluding "the appropriate remedy is a bond hearing"); *Karimov v. Cerna*, No. CIV-26-304-R, 2026 WL 950130, at *1 (W.D. Okla. Apr. 8, 2026) ("As a remedy, Petitioner requests his immediate release, but the Court concludes that a bond or custody redetermination hearing is the appropriate remedy."). Therefore, the Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing

under § 1226(a) before a neutral IJ within five business days or otherwise release him if he does not have a lawful bond hearing within that period.[6]

### C.      The Court should decline to address Petitioner's due process claims.

Petitioner also argues his continued detention without a bond hearing violates his right to due process.  Pet. at 22-25.  If the Court grants Petitioner relief with a bond hearing under § 1226(a), the undersigned recommends the Court decline to decide the merits of Petitioner's due process claim based on his continued detention.  *See, e.g.*, *Valdez,* 2025 WL 3709021, at *3 n.2 (declining to decide the merits of a petitioner's due process claim when granting a bond hearing pursuant to § 1226(a)).[7]

---

[6] In some cases, Judges in this District have ordered release for noncitizens whose earlier release was improperly revoked in the absence of changed circumstances or proper procedures.  *See, e.g., Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at *1 (W.D. Okla. May 27, 2026) (ordering release where ICE improperly revoked petitioner's prior bond ordered by an immigration judge); *Ewere v. Cerna*, No. CIV-26-320-SLP, 2026 WL 1207088, at *2 (W.D. Okla. May 4, 2026) (ordering release where ICE improperly revoked petitioner's prior humanitarian parole); *Skutar v. Mullin*, CIV-26-0036-HE, Doc. 15, at 2-3 (W.D. Okla. Apr. 24, 2026) (ordering petitioner's immediate release and stating "while the Attorney General has authority to revoke bond at any time under 8 U.S.C. § 1226(b), if an immigration judge has determined the noncitizen should be released, the DHS may not re-arrest that noncitizen absent a change of circumstance") (citation modified). However, Petitioner has not alleged or provided evidence that the circumstances of his re-detention entitle him to release rather than a bond hearing.  *See Singh v. Mullin*, No. CIV-26-471-SLP, 2026 WL 1255801, at *2 (W.D. Okla. May 7, 2026) (finding petitioner is entitled to a bond hearing but not release because he "has not provided the Court with evidence of his prior Order of Release or its terms, nor has Petitioner supported his requested form of relief with legal authority").  Accordingly, the undersigned concludes Petitioner is entitled only to a bond hearing and not release.

[7] Magistrate Judges in this District, including the undersigned, have previously addressed whether detention of a similarly situated petitioner violates due process when a petitioner raises such a claim and seeks a different form of relief (such as burden shifting) with a due process claim.  However, Judges in this District, including this Court, have declined to

## V.    Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636.  Any objection must be filed not later than **July 13, 2026**.  *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party wishes to respond to the other party's objections, such response must be filed not later than **July 16, 2026**.  *See* Fed. R. Civ. P. 72(b)(2).  Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

---

order burden shifting.  *See Singh v. Figueroa*, No. CIV-26-600-R, 2026 WL 1181699, at *1 n.2 (W.D. Okla. Apr. 30, 2026) (denying petitioner's request for burden shifting, and holding "although petitioner is entitled to a bond hearing under § 1226(a), the Court declines to specify or alter the burden of proof at this stage") (citation modified); *see also, e.g., Singh v. Mullin*, No. CIV-26-712-HE, Order, Doc. 13 at 2-7 (W.D. Okla. June 18, 2026) (same); *Rangel v. Mullin*, No. CIV-26-568-D, 2026 WL 1625653, at *2 n.2 (W.D. Okla. June 5, 2026) (same); *Singh v. Grant*, No. CIV-26-279-J, 2026 WL 1035100, at *1-2 (W.D. Okla. Apr. 16, 2026) (same).  Accordingly, the undersigned does not recommend burden shifting in this case.

**ENTERED** this 6th day of July, 2026.

                              _____

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE