**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **HARDIK RANA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-937-R** |
| | ) | |
| **CHRIS GANTT, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## <u>ORDER</u>

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement [Doc. No. 1]. The matter was referred to United States Magistrate Judge Chris M. Stephens who issued a Report and Recommendation [Doc. No. 12] recommending the Court grant the Petition in part and order Respondents to provide Petitioner with a lawful bond hearing pursuant to 8 U.S.C. § 1226. Respondents filed an Objection [Doc. No. 13]. Petitioner, who is represented by counsel, neither objected nor filed a response to Respondents' Objection within the time provided by Judge Stephens. The Court will now conduct a de novo review of those portions of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1); FED R. CIV. P. 72(b)(3).

Judge Stephens recommends this Court should (1) conclude that Petitioner is detained pursuant to § 1226, (2) order Respondents to provide Petitioner with a bond hearing pursuant to § 1226, and (3) decline to address Petitioner's other claims for relief.

1

Respondents acknowledge that the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026) is controlling in this matter, though they maintain that Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A). This Court agrees with Judge Stephens's conclusion that Petitioner is detained pursuant to § 1226.

Respondents request only that (1) relief be limited to an order directing a bond hearing within seven days and (2) the Court decline to address Petitioner's remaining claims for relief.

This Court agrees that the proper remedy is an individualized bond hearing under § 1226(a). *See id.* at *17 n.13 ("Because Santillan Quiroz can properly be subject to detention under § 1226(a), though, the district court shall order the Government to, within seven days of such order, either provide him with a bond hearing or else release him."). And because the Court grants Petitioner relief pursuant to his statutory claim, it declines to address his other claims for relief.

Accordingly, the Report and Recommendation of Judge Stephens is ADOPTED in its entirety. The Petition for Writ of Habeas Corpus [Doc. No. 1] is GRANTED in part and Respondents are directed to provide Petitioner with a lawful bond hearing pursuant to § 1226(a) within seven days of the date of this order or otherwise release him if he has not received such a hearing within that period. Respondents shall certify their compliance with this Order.

IT IS SO ORDERED this 21st day of July, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE